## REYNOLDS v. CAMPLING.

1. APPELLATE PRACTICE—BILL OF EXCEPTIONS—AUTHENTICATION.

When the trial judge refuses to sign and seal a bill of exceptions, and the same is afterwards authenticated by affidavits, it is the duty of the appellee, if the bill is not correct, to file counter affidavits, and require this court to settle the same, otherwise the bill will be held to be good and true.

2. SAME.

A motion to strike from the files a bill of exceptions authenticated by affidavits, on the ground that it is not true, interposed after the cause has been submitted, is not in apt time.

3. SAME.

There is no requirement of law that a bill of exceptions shall be prepared by the official stenographer of the trial court.

*Appeal from the District Court of Otero County.*

THE appellee moves to strike the bill of exceptions from the files in this case. It appears that within the time fixed by the court for the filing of the bill of exceptions the appellant tendered to the judge a bill including the transcript of the testimony as prepared by the appellant's private stenographer. At the trial the court stenographer was present, and took down the testimony and the rulings and decisions of the court made during the progress of the trial. The district judge refused to sign and seal the bill of exceptions, because the same was not made by, and did not purport to be a transcript of the notes of, the official stenographer.

Efforts were made by the attorney for the appellant to have the judge settle the bill of exceptions so tendered, and like efforts were made to induce the attorney for the appellee to examine such bill and indicate any objection that he had thereto; but these efforts, through no fault of appellant, proved futile. Thereupon the attorney for the appellant filed with the clerk of the district court said bill of exceptions supported by affidavits. He also duly notified the attorney for appellee of the filing of the same, suggesting that the

latter might file counter affidavits if he saw fit. The attorney for the appellee filed no such counter affidavits, either in the district court or in the supreme court, nor has he ever taken any steps or made any move looking to a determination and settlement of the bill of exceptions in this court.

This motion to dismiss the bill of exceptions was interposed after the printed abstract of the record was filed in this court, but before the filing of any briefs. Thereafter the appellant filed in this court his printed argument and brief; the appellee filed her answer thereto, and a brief in reply was filed by the appellant. More than six months after the case was thus submitted in this court the appellee first called up her motion to strike the bill of exceptions from the files.

Mr. A. F. THOMPSON and Mr. L. B. GIBSON, for the motion.

Mr. T. S. DINES and Mr. C. J. HUGHES, opposing.

PER CURIAM. We think the motion should be denied for two reasons: *First.* It was the duty of the appellee, if the bill of exceptions as tendered and filed was not correct, to file counter affidavits thereto in this court and require this court to settle the same in accordance with section 385 of the code of 1887. This was not done. In all respects, the appellant has complied with section 385; and the bill of exceptions as tendered, in the absence of any showing, in the manner pointed out by statute, of its incorrectness, we must hold to be a good and true bill. *Second.* Even were this not so, the appellee, by her long silence and acquiescence, cannot now insist upon this motion after the case for months has been at issue in this court.

There is no requirement of the statute, so far as we are able to ascertain, that the bill of exceptions must be prepared only by the official stenographer of the court, and that none other will be considered. However desirable it may be that

the official stenographer shall do this work, there is no imperative requirement that he shall do it; but, on the contrary, section 385 of the code expressly provides for the filing of a bill of exceptions attested and proved as was the bill to which objection is here urged.

For these reasons the motion will be overruled.

*Motion denied.*