Gunter, J.
Appellee sued to recover compensation for printing official ballots, and printing and publishing election notices and list of nominations. Verdict and judgment were for him below.
*114 1. The bill of exceptions was filed September 16; abstract, September 23; brief of appellant, November 3; appellee’s motion to strike the bill of exceptions, December 4; certain exhibits were necessary to make the bill of exceptions complete. These exhibits, consisting of copy of the account of appellee, sample ballot, copies of election notice and newspapers involved, marked “Exhibits A” to “H,” so designated in the bill of exceptions, and folioed with the other matter therein, were lodged in this court with the record, and intended as a part thereof, although detached, being in'a separate envelope. They were abstracted by appellant, and discussed in its brief. The first objection of appellee to them is his above motion of December 4 to strike. Such motions should come in promptly; applications to amend can then be considered; time and expense saved. This motion comes too late.—Reynolds v. Campling, 21 Colo. 86.
2. Appellant contends:
a. That the county is not liable for the bill of appellee, because the statute has not made it so.
The statute provides that the county, through its proper officers, shall have the services performed and the materials furnished for which appellee sued. This duty carries with it the obligation to perform the act, and to provide for its payment.
“When the statutes provide that certain expenses in regard to elections shall be incurred by certain officers of counties * * * but are silent upon the question of payment, the general rule is usually applied, that whenever an active duty is imposed upon municipalities,, or public officers representing municipalities, the duty imposed carries with it the obligation on the part of the municipality to perform the act, bear the expense, and provide for its payment.” —Amer. and Eng. Enc. of Law, 2 ed., 858.
*115 In Board of County Commissioners of Pitkin County v. Price & McChesney, 10 Colo. App. 519, 51 Pac. 1011, appellees had judgment below awarding them compensation for publishing the official ticket under the election law here involved. While the case was reversed, the court held that the appellees could recover, and in the course of its opinion said: ‘ ‘ The clerk was authorized to give the order to publish the tickets. The paper had the right to print them, and the county became responsible to pay whatever the papers publishing them might be able to show was a reasonable value for the work done, at the place where it was performed, and in the paper in which the advertisement was put. ’ ’
In Board of County Commissioners v. Stone et al., 11 Colo. App. 476, 53 Pac. 616, Board of County Commissioners of Pitkin County v. Price, supra, is approved, and the liability of the county for such expenses as herein involved, is conceded.
See also Board of County Commissioners of Rio Grande Co, v. Bloom, 14 Colo. App. 187, 59 Pac. 417.
b. That it was necessary to appellee’s case to show a prior appropriation under Mills’ Ann. Stats., vol. 3, secs. 799a, 799b and 799c.
The county requested appellee to perform the services and furnish the materials, compensation for which is sued for herein; that he complied is not denied. A transaction was thus established, purporting to be an agreement, and apparently binding, to pay to appellee the reasonable value of such materials and services. Appellant could not question this apparently binding contract on the ground of illegality, that is, the absence of a prior appropriation, except by specially pleading and proving such defense. ‘ ‘ The rule is well settled, in strict accordance with the true theory of pleading under the codes, that all defenses based upon the asserted illegality of the contract in *116 suit, which, admits the fact of a transaction between the parties purporting to be an agreement apparently binding, but which insist that by reason of some violation of the law the same is illegal and void, are new matter, and must be set up in the answer in order to be provable. ’ ’—Remedies and Remedial Rights, Pomeroy, page 731, § 708; 1 Enc. Pl. and Pr. 844, and cases cited; Johnson v. Yuba County, 103 Calif. 538, 37 Pac. 528; Brown v. Board, of Education of City of Pomona, 103 Calif. 531, 37 Pac. 503.
If this were a defense — which we do not here decide — it could be availed of only by appellant pleading it. This it failed to do.
c. Appellant further contends that its right of cross-examination was erroneously and to its prejudice limited.
As stated, appellee was suing to recover reasonable compensation for services performed and materials furnished. Near one-half the amount involved was claimed to be due for job work; the reasonable value of which depended largely upon the cost and value of the labor and material which went into the work. His witness and employe, Rogers, gave his opinion of the reasonable value of the work done. In the course of the cross-examination the following appears:
‘ ‘ Q. What do you base that value on ?
“A. On the amount of work and stock.
‘ ‘ Q. How much work did it take to set it up and print those ballots ?
“Objection sustained and exception.
“Q. How much material did it take--value of material?
“Objection sustained and exception.”
Other questions in the same line were propounded, and objections thereto sustained. Counsel was entitled to develop fully by cross-examination *117 the reasons upon which the witness based his estimate of value. “Where a witness has on his examination in chief given his opinion as to value, he may he cross-examined in full respecting his reasons for such opinion; and here the rule applies that great latitude should he allowed in cross-examination, the limits of which, where no rule of law is violated, are within the discretion of the presiding judge. ’ ’ — 1 Thompson on Trials, § 408.
In Rio Grande County v. Bloom, 14 Colo. App. 194, 59 Pac. 417, plaintiff sued upon a cause of action similar to that here involved. The court, in the course of its opinion, says: ‘ ‘ There was an attempt to cross-examine the plaintiff * * * respecting the subject-matter of his hill, and many questions were put to him directly to the point of the cost and value of the labor and material which went into the publication * * * Defendant’s counsel were not permitted to pursue this line of cross-examination, and in this we think the court very clearly erred. ’ ’
The plaintiff and the witness Rogers were the only witnesses of plaintiff below going to the question of the compensation sued for. The matter above excluded was not otherwise supplied by Rogers. We cannot say that appellant was not prejudiced by the improper exclusion of the above testimony. For this reason the case must he reversed. All questions have been reviewed which will probably he of service in a new trial, should one he had. Judgment reversed.

Reversed.