[No. 4065.]

## WELLINGTON ET AL. V. BECK.

**Water Rights—Pleading.**

Where plaintiff alleged an appropriation of a certain amount of water at a certain time from a creek, and its continuous use for irrigating purposes and that it was necessary for the proper irrigation of her lands and that defendants had shut off and obstructed the water from her ditch and asked that they be restrained from diverting the waters of the creek, and defendants answered by alleging that since a date two years prior to plaintiff's appropriation they had diverted the water of the creek for the purpose of irrigating their land and that during part of the irrigating season the water flowing in the stream was not more than enough to properly irrigate their land, the answer was sufficient to state a defense and it was error to sustain a general demurrer thereto.

*Error to the District Court of Eagle County.*

Mr. JAMES DILTS and Mr. A. J. STERLING, for plaintiffs in error.

No appearance for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The controversy between the parties to this proceeding is the priority of right to divert the waters of Berry creek for the purposes of irrigation. Defendant in error, as plaintiff, commenced this action in the court below. In her complaint she avers that since the tenth day of May, 1893, she has applied the waters of Berry creek to the irrigation of her lands through the Hawley ditch, and that one and one-half cubic feet of water per second of time has been so utilized by her since that date, and is necessary for the proper irrigation of her lands; that the defendants have shut off and obstructed the water from the ditch to her injury, etc. To this complaint the defendants answered, putting in issue some of the material averments of the complaint, and also averred, as a further defense, that since the year 1891, and every year thereafter, they have diverted the water of the creek for the purpose of irrigating the lands of the defendant Martha Wellington, and that during part of the irrigating season the volume of water flowing in the stream is not greater than is required for the proper irrigation of such lands. To this defense and the answer as a whole, a general demurrer was interposed by plaintiff, which was sustained. Thereupon defendants asked leave to amend their answer, which was denied, and, on application of plaintiff, judgment was rendered, perpetually restraining and enjoining the defendants from in any manner interfering with the Hawley irrigation ditch, and from in any manner

diverting the waters of Berry creek until plaintiff shall have had and enjoyed a first and paramount water right in the stream to the extent of one and one-half cubic feet of water per second of time. From this judgmnt the defendants bring the case here for review on error.

The defendant in error has not entered an appearance here, and we are not favored with the views of counsel which may have been urged upon the attention of the trial judge in support of the demurrer to the answer and affirmative defense. The first appropriator of the water of a natural stream has a prior right to such water to the extent of his appropriation—*Schilling v. Rominger,* 4 Colo., 100—and an appropriation of water for irrigation is effected, within the meaning of the constitution, when actually applied to land for that purpose. *Farmers' High Line Co. v. Southworth,* 13 Colo., 111; *Fort Morgan Co., v. South Platte Co.,* 18 Colo., 1.

According to the averments of the further defense interposed by the answer of the defendants, it appears that they made an appropriation of water from Berry creek something like two years prior to the appropriation by plaintiff from the same source; that the use of the water thereby appropriated has been continuous since that time when necessary, and that it has been actually applied to the land of the defendant, Martha Wellington, since 1891, for the purposes of irrigation. It further appears from this defense that at certain seasons of the year the flow of the stream will only supply the needs of the defendants. It appears, therefore, from the averments of this defense, that the defendants have a prior right to the use of the water from the natural stream, and, when low, to the entire volume thereof, and the demurrer thereto should have been overruled.

In noticing the averments of the further defense we have not overlooked the statement that the father

of the defendant, Martha Wellington, appropriated the water of Berry creek in 1888 for the purposes of irrigation, and thereafter utilized the water for such purpose until 1891, at which time he conveyed the land upon which such water had been applied to defendant, his daughter; but we do not deem this statement material, for the reason that according to the statements noticed, the defendant had continuously used the waters of the stream since 1891, and as this antedates the time when the plaintiff began the use of such waters, it was sufficient for the purposes of determining the questions raised by the demurrer. It may be that the mere statement of the transfer of the land would not be sufficient to constitute a transfer of the water right, but we do not pass upon this question. The pleadings of both parties are somewhat informal, and might be more definite.

The judgment of the district court is reversed and the cause remanded, with directions to overrule the demurrer to the answer.

*Reversed and Remanded.*