Maxwell, J.
A preliminary motion to strike the bill of exceptions must first be disposed of.
The appeal was allowed April 20, 1900, upon condition that an appeal bond be filed within thirty days, and thirty days thereafter within which to prepare and serve a bill of exceptions. June 20, 1900, after the adjournment of the term at which the judgment was rendered and appeal allowed, the court granted an extension of time until July 3, within which to file a bill of exceptions. This, upon notice of motion to counsel for appellees, who made no appearance at the time motion was noticed for hearing.
The transcript of the record was filed in this court September 12, abstract of record October 1, brief of appellant October 19, motion to strike November 17. The motion to strike was for the reason that the time of tendering the bill of exceptions had expired before the order granting the extension of time was made. Conceding this point, which we do not decide, the motion to strike came too late. — Board of County Commissioners San Juan County v. Tulley, 17 Colo. App. 113, 67 Pac. 346; Reynolds v. Campling, 21 Colo. 86, 39 Pac. 1092.
It seems that this was an action by appellees against appellant, to recover for work done under a written contract to construct a wagon road upon and across three mining claims in the Cripple Creek mining district. The case was tried to a jury in the county court of Teller county, on an appeal from a justice of the peace. The trial in the county court *220 resulted in a verdict and judgment for $300 against appellant, who prosecutes this appeal.
The opening statement .in the brief of appellant is as follows:
££A cursory examination of the abstract of record in this case will disclose the fact that the errors of the trial court complained of by the appellant all center about and relate to the contract entered into between the appellant and the appellees. (Folio 159.)”
An examination of Folio 159 of the abstract of record discloses the following: £ ‘ 159 — Copy of plaintiffs ’ Ex.£ A. ’ THE CONTE ACT. ’ ’
At Folio 6 of the record we find: ££Contract marked Ex. £A. ’ identified and introduced without objection.”
The foregoing are the only references to the contract in the abstract of record, except as the same is incidentally referred to in the testimon3'' of two witnesses.
¥e are entirely unadvised by the abstract of record as to the terms, conditions and limitations of this contract.
The first contention of appellant is that the court erred in admitting improper evidence in relation to the written contract. Not having the written contract before us, we must decline to consider or pass upon this point.
For the same reason wo cannot entertain or decide the second point urged by appellant for a reversal, as it maintains, that the contract was an entire contract, which should have been fully performed before appellant could have been called upon to accept or pay for any work done under its contract.
We learn from the testimony that, in addition to the work covered by the contract, certain extra work *221 was performed by appellees. Over the objection of appellant, testimony was introduced as to the value of this work, and this is assigned as error.
This testimony was proper. In the absence of an express contract, fixing the compensation to be paid, testimony of competent witnesses, as to the value of services rendered, is proper.
It is contended by appellant that tlie court erred in its instructions to the jury. The only reference to instructions in the abstract of record is as follows:
“Folio 164-176, Instructions. Defendant excepts' to the instructions of the court and to each and every of them. ’ ’
Not a single instruction is printed in the abstract of record. In the “Assignment of Errors,” printed under the same cover with the abstract of record, four instructions said to have been given by the court are set forth, upon which error is predicated. 'Each of the instructions objected to is based upon, relates to or involves a construction of the written contract. It is unnecessary to decide whether the propositions embraced in these instructions are correct or not in the abstract.
The nature of the evidence must determine the character of the instructions given.
Not having the contract before us, it is impossible to determine whether or not there was error in these instructions.
We have thus disposed of all assignments of error relied upon by counsel for appellant, without touching the merits of the controversy.
Bule 14 of the rules of this court reads as follows: “If the abstract filed shall not present the parts of the record to which reference is made in the assignments of errors, the appeal' or writ of error may be dismissed.”
A motion to dismiss this appeal for failure to *222 comply with the foregoing rule should have been granted, as little or no attempt was made to comply with the plain requirements of this rulé.
The judgment will he affirmed. Affirmed.