[No. 5088.]
[No. 2659 C. A.]

## Stone v. The Victor Electric Company.

1. **Corporations—Foreign Corporations Doing Business in State —Statute Not Retroactive.**

   Session Laws 1901, chap. 52, §§ 4, 10, requiring a foreign corporation to make certain filings in the office of the secretary of state, to pay certain taxes and fees, and to receive from that officer a certificate or permit to do business in this state, and, until such payments are made and certificate issued, prohibit it from transacting business or prosecuting or defending any action in the courts of the state, has no application to business transacted by a foreign corporation before the statute was enacted, as the statute was not intended to be retroactive.—P. 372.

2. **Practice in Civil Actions—Depositions—Preliminary Proof of Absence of Witness.**

   Section 343 of Civil Code, requiring proof that witnesses making depositions continue to be absent from the county, or are infirm at the time of the trial, before such depositions can be admitted in evidence, is applicable only where depositions are taken in, and not out, of the state.—P. 372.

3. **Appellate Practice—Assignment of Error—Instructions—Failure to Object or Except.**

   In an action for the contract price of a machine, a judgment for plaintiff cannot be reversed on the ground of a breach of warranty where there is conflicting evidence, and where the record contains no assignments of error to the instructions and they are not reproduced in the abstract.—P. 373.

4. **Sales—Breach of Warranty—Duty to Return Goods.**

   A contract for the sale of a machine provided that if, upon test, it did not prove satisfactory, the buyer should return it and the seller would repay whatever had been paid on

it; and the buyer notified the seller that the machine was un-
satisfactory, and the seller directed the buyer to report the cost
of making it satisfactory, upon receipt of which the seller
would either direct the machine to be returned or have the
changes made, and the buyer disregarded these instructions and
retained the machine but refused to pay the purchase price.
Held, that it was the buyer's duty to advise the seller of any
money which had been paid out upon the machine up to the
time of the receipt of such request, and to return the machine,
and not doing so, he could not retain the machine and recover
the costs and expenses which he incurred, and damages to his
business by reason of the lack of necessary machinery in con-
ducting it.—P. 374.

*Appeal from the County Court of Arapahoe County.
Hon. Ben. B. Lindsey, Judge.*

Action by The Victor Electric Company against
George L. Stone. From a judgment for plaintiff, de-
fendant appeals.                                    *Affirmed.*

Mr. FRANK S. TESCH, for appellant.

Messrs. CARLON, SKELTON & MORROW, for appel-
lee.

Mr. JUSTICE CAMPBELL delivered the opinion of
the court:

This action was begun in the court of a justice
of the peace to recover the sum of $77 for an elec-
trical machine, called a rotary transformer, sold by
the plaintiff to the defendant. There was a judg-
ment for plaintiff both in the justice court and also
upon defendant's appeal therefrom in the county
court, and defendant is here with his appeal.

1. A number of specifications of error are di-
rected to rulings of the trial court upon the evidence.
Without indicating the character of these objections,
it is sufficient merely to say that our examination
leads us to believe that these assignments are not
well taken.

2. The defendant properly questioned below and here the right of the plaintiff to maintain the action. Sections 4 and 10 of chapter 52 of the Laws of 1901 require, among other things, that a foreign corporation doing business in this state shall make certain filings in the office of the secretary of state and pay certain taxes and fees, and receive from that officer a certificate or permit to do business in this state, and, until such payments are made and certificate issued, it is prohibited from transacting business or prosecuting or defending any action in the courts of the state. Plaintiff is an Illinois corporation doing business in the city of Chicago. The machine, for the purchase price of which this action was brought, was ordered by defendant, who is a dentist in the city of Denver, by a letter written in Denver and transmitted to Chicago to plaintiff. The machine was manufactured in Chicago, and shipped there by the plaintiff to the defendant, and received by the latter in the city of Denver. Whether the sections of the statute invoked apply to this transaction, we do not decide. The defendant's point is not well taken, because the contract of sale was made, and defendant's liability thereunder accrued, before the statute in question was enacted. We do not believe the statute was intended to be retroactive, and its provisions are not applicable to this case.—*Texas Land and Mortgage Co. v. Worsham*, 76 Tex. 556; *Middlebrook v. David Bradley Mfg. Co.*, 27 S. W. 169.

3. It is said that the trial court committed error in permitting depositions, taken in behalf of the plaintiff in the state of Illinois, to be read at the trial without affidavit or oral testimony that the witnesses who gave them continued absent from the county or were infirm at the time of the trial. This objection might be disregarded, because the abstract does not

include the portion of the record showing such ruling. There is, however, no merit in the contention, for that provision of section 343 of the civil code requiring such proof is applicable only where the depositions are taken in, and not out of, the state.

4. The principal objection argued goes to the merits of the controversy. Defendant's main defense is that, as a part of the contract of sale, the plaintiff absolutely warranted the machine to be fit and suitable for the purpose for which it was ordered, and that, since there was a breach of this warranty, he might retain the machine, as he did, and, by way of counter-claim, recover for the expenses to which he was put in attempting to repair the same so as to make it fit and suitable for his purpose, and also for damages to his business which he suffered as the result of being deprived of a machine which was essential to the conduct of his business.

If defendant's construction of the contract be correct, we cannot, in the present state of the record, say that this judgment should be reversed for the reasons which he urges. There are no assignments of error to the instructions, and they are not reproduced in the abstract. If it be true, as defendant asserts, that the jury disregarded these instructions and returned a verdict manifestly against the weight of the evidence, it is his misfortune that he has not preserved his objections and saved his exceptions and presented the same for our determination, as our rules of practice require. In the present state of the record, we are justified in assuming, even if the contract contained an absolute warranty, and defendant's evidence tended to prove that there was a breach thereof, that there was evidence upon both sides of this issue, as, in fact, there was, and that the matter was properly submitted to, and correctly found by the jury.

For another reason, also, defendant's objection is not good. Whatever contract with reference to the sale of the machine was made, is to be found in the correspondence between the parties: The letters and telegrams, which constitute the correspondence, are set forth in the record. . If correctly abstracted, as we assume they are, they show that no absolute warranty of the machine was made by the plaintiff. In a general way, plaintiff knew of the use that defendant intended to make of the transformer, but did not absolutely guarantee that it would do the work which defendant required of it. It did say to defendant that it had no doubt that the machine would work smoothly and prove satisfactory, but that if, upon test, it did not prove so, defendant was to return the machine to plaintiff, and the latter would repay whatever the defendant had paid upon it.

After the machine was manufactured, and before it was shipped, the plaintiff made a test of it, and reported the result to the defendant, with the further information that it did not have the power which the defendant, in one of his former letters, had alluded to as the capacity which he desired, and the plaintiff added that it would not ship the machine until the defendant so requested. With the information thus given, the defendant ordered the machine to be sent, with which the plaintiff complied. Soon after the receipt of the transformer by the defendant, and, upon testing the same, it was found to be unsatisfactory, and plaintiff was notified thereof, and thereupon requested defendant to have his machinist report what would be the cost of making it satisfactory, upon receipt of which information the plaintiff would then either direct the machine to be returned or ask to have the changes made. To this request, the defendant paid no attention, but made

counter propositions as to what he would do, which the plaintiff declined to consider.

In view of these circumstances, we are clearly of opinion that it was defendant's duty to advise the plaintiff of any moneys, if any, that he had paid upon the machine up to the time of the receipt of such request, and to return the machine, in accordance with the provisions of the contract. He could not retain the machine and, contrary to the express terms of his contract, recover the costs and expenses which he incurred and damages to his business by reason of the lack of necessary machinery in conducting it, even though he might maintain such a claim under a different sort of contract.

Perceiving no prejudicial error in the record which appellant is in a position to urge, the judgment is affirmed.                              *Affirmed.*

Chief Justice Gabbert and Mr. Justice Steele concur.