[No. 5282.]
[No. 2914 C. A.]

THE EDWARD MALLEY COMPANY v. LONDONER.

1. Corporations—Foreign Corporations—Action by—Defenses—Statutes—Retroactive.

In an action by a foreign corporation to recover for goods sold in 1899, its failure to comply with Sess. Laws 1901, c. 52, §§ 4, 10, and Sess. Laws 1901, c. 94, § 70b, requiring the payment of certain fees, and the filing of certain papers by foreign corporations, is not a good defense, since these statutes were not retroactive.—P. 439.

2. Pleading—Answer—Demurrer to Pleading Good in Part.

Where defendant's answer, in addition to alleging facts not constituting a good defense, denies the corporate existence of

plaintiff, a demurrer to the answer as a whole should be over-ruled, since a denial to a material allegation cannot be demurred to, as the proper manner of reaching it is by motion.—P. 439.

### 3.   Same—Demurrer.

Though a demurrer to an answer alleging immaterial facts, in addition to denying plaintiff's corporate existence, was prop-erly overruled, it was error to give judgment for defendant on such demurrer, since the issue of plaintiff's incorporation re-mained to be tried.—P. 440.

### 4.   Appellate Practice—Complaint—Failure to State Cause of Action—No Objection Below.

Although the failure of a complaint to state a cause of action may be raised for the first time on appeal, if it is apparent from the complaint that such defects might have been caused by slight amendments previous to or during the trial, the opposite party will not be permitted to take advantage of them on ap-peal.—P. 440.

### 5.   Appellate Practice—Objections Made First on Appeal.

An objection made for the first time on appeal is not favored, though it is one which may be properly raised at any time during the case.—P. 441.

### 6.   Appellate Practice—Bills of Exceptions — Necessity — Statu-tory Construction.

A bill of exceptions is not necessary to have reviewed a de-cision overruling a demurrer to a pleading, since § 387, Mills' Ann. Code, makes it a part of the record.—P. 441.

### 7.   Courts — Jurisdiction — Supreme Court — Court of Appeals—Cases Transferred.

While an action involving less than $100 cannot be appealed to the supreme court, since cases pending in the court of appeals at the time of consolidation were by such act transferred to the former, the supreme court has jurisdiction of all such cases, though involving less than $100, as a judgment involving any amount could be taken to the court of appeals.—P. 442.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Samuel L. Carpenter, Judge.*

Action by The Edw. Malley Company against Wolfe Londoner.   From a judgment for defendant, plaintiff appeals.            *Reversed and remanded.*

Messrs. VAN CISE & GRANT, for appellant.

Mr. JOSHUA GROZIER, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

In November, 1901, the appellant filed its complaint against appellee, wherein it was alleged that the plaintiff was a corporation, organized and doing business under the laws of the state of Connecticut; that defendant was the father of Herman W. Londoner; that while said Herman W. Londoner was attending the Yale University in Connecticut during the year 1899 he purchased from plaintiff wearing apparel and other merchandise necessary to his maintenance of the value of $44.36; "that at the time of the purchase by defendant of plaintiff of the merchandise above referred to, he, said defendant, was a minor, and supported by and at the expense of the defendant herein"; and that the indebtedness had not been paid. The answer of the defendant consisted of four alleged defenses, the first being an admission that the defendant was the father of H. W. Londoner, and a denial of all other allegations in the complaint. The second defense was a denial that the plaintiff was a corporation existing under the laws of any state, and further that if it was a corporation it had failed to comply with the provisions of section 4 of an act of the legislature relating to corporations prescribing certain fees to be paid by corporations, passed by the general assembly during the year 1901 (Laws 1901, p. 118, c. 52). The third defense was that if the plaintiff was a corporation, which the defendant denied, it had failed to comply with section 10 of said act; and the fourth defense was that if the plaintiff was a corporation, which the defendant denied, it had failed to comply with sec-

tion 70b of an act in relation to public revenues and repealing all previous acts in relation thereto. This act was passed in 1901 (Laws 1901, p. 273, c. 94). The plaintiff demurred to the second, third and fourth defenses. Plaintiff elected to stand by its demurrer, and judgment was rendered against plaintiff for costs. An appeal was taken to the court of appeals.

The demurrers were properly overruled. Notwithstanding that, as we shall presently see, the court erred in rendering judgment against the plaintiff, so far as the allegations of the second, third and fourth defenses, which relate to the failure of the plaintiff to comply with the statutes of 1901, are concerned. They did not constitute a defense to the cause of action set forth in plaintiff's complaint, for the reason that the complaint avers that the goods were purchased in October, November and December, 1899. The act pleaded by the defendant in relation to corporations was passed April 6, 1901, and the act pleaded by defendant in relation to revenue was passed April 5, 1901. We have already held that these statutes are not retroactive, and do not affect contracts made previous to their adoption.— *Stone v. Victor Elec. Co.,* 36 Colo. 370. If these several defenses alleged nothing further than the allegation that plaintiff had failed to comply with these acts of the legislature, the demurrer should have been sustained; but each of these several defenses contained a denial of the corporate existence of plaintiff. A denial to a material allegation contained in the complaint cannot be demurred to, and where an answer puts in issue some of the material averments of the complaint, a demurrer thereto as a whole should be overruled.—*Wellington v. Beck,* 30 Colo. 409. So that, while the affirmative allegation in the several defenses did not constitute a defense to plaintiff's

cause of action, that defect should have been reached by motion, because of the denial of a material allegation in the complaint, which was included in each of these defenses. The averments of the failure of plaintiff to comply with the provisions of the act of 1901, being insufficient to prevent it from maintaining this action, the overruling of the demurrer to this defense and the election of the plaintiff to stand by its demurrer still left the matter in controversy to be tried upon the allegations of plaintiff's complaint and the denials contained in the answer, so that the court erred in rendering judgment against the plaintiff for costs; but the appellee says that notwithstanding all this, plaintiff's demurrer searches the record, and that the complaint is defective because it fails to state that the defendant had refused to supply his minor son with the necessaries which were sold to said son by the plaintiff, and because of the allegations of the complaint hereinbefore set forth that at the time of the purchase by defendant he, the said defendant, was a minor, and supported by and at the expense of the defendant herein, the contention being that the allegation should be that at the time of the purchase the son was a minor. Neither of these objections were raised below, and were raised here for the first time just before the matter was heard upon oral argument. The rule is that, where a complaint fails to state facts sufficient to constitute a cause of action, the matter may be raised at any time, even after appeal is taken. The same rule prevails where it is apparent upon the face of the complaint that the court is without jurisdiction, but this rule is subject to some exceptions. If from the nature of the complaint it is apparent that the defects therein might be cured by amendment, the matter should be called to the attention of the court below so that opportunity be given the parties to amend their complaint if they

so elect.   As was said in the case of *Frue v. Hough-ton,* 6 Colo. 318, where the question of jurisdiction of the court was raised for the first time in this court: "It could not have been the intention of the framers of the code, that, where a case is being tried in a court having jurisdiction of the subject-matter of the action, and competent to administer either equitable or legal relief,. as the case may warrant, an objection of this nature may be silently reserved and afterwards raised for the first time in the appellate court; whereas, if seasonably made at the hearing, might have saved the labor and expense incident to a new trial."   Parties will not be permitted to allow a case to be prosecuted to judgment, and then bring the matter to this court upon appeal, and here call attention for the first time to a failure upon the part of plaintiff to make some necessary averment in the complaint, when, if attention had been called to the matter previous to or during the trial, the complaint could have been amended by the interlineation of a few words.   An objection made for the first time in the appellate court is viewed with disfavor, even though it be one which may be raised at any time in such case.—*Mulock v. Wilson,* 19 Colo. 296.

Appellee contends that the proceedings should be dismissed because of the absence of a bill of exceptions.   In cases of this character a bill of exceptions is not necessary.—§ 387 Code Civ. Proc. (Mills' Ann. Code).

We express no opinion as to whether or not it is necessary to allege in the complaint that the father had refused to supply the necessaries for his son, which it is contended the plaintiff furnished, because it does not appear to be necessary in the determination of the matters herein involved.

It is also contended that the appeal should be dismissed for the reason that the amount involved

is less than $100, and this court has no jurisdiction to entertain the matter upon appeal. At the time the appeal was taken the court of appeals was in existence, and any judgment might be appealed from to that court, irrespective of the amount involved. Upon the consolidation of the two courts, all cases which had been appealed to the court of appeals were properly transferred to the supreme court, and if the court of appeals had jurisdiction, then this court will also entertain jurisdiction.

While the judgment of the trial court in overruling the demurrer was proper, for the reasons above stated, it erred in rendering judgment for the defendant, because there were issues still to be tried. The cause will, therefore, be reversed and remanded, with leave given to the parties to amend their pleadings as they shall be advised.

*Reversed and remanded.*

Chief Justice Steele and Mr. Justice Goddard concur.