[No. 4966.]

## WELLINGTON ET AL. v. BECK.

**1. Appellate Practice—Record—Defect—How Cured—Objection Waived.**

Where the record on appeal is insufficient, in that the judgment appears in the bill of exceptions and not in the record proper, such defect can be cured by filing an amended transcript certified by the clerk of the trial court, but as counsel for defendants in error announce that they prefer to have the case decided on the merits and not on technicalities, the objection will not be noticed.—P. 71.

**2. Water Rights—Prior Appropriations.**

An owner of land adjacent to a stream, in 1890 diverted and applied all the water thereof to the irrigation of such lands, and continued to use the same until January, 1891, when his grantee moved upon the land and used the water thereafter. In 1893, an owner of lands lying on the opposite side of the stream diverted and used water from the same creek until 1897, although there was not enough water at all times to supply the former's land. Held, that the grantee, being the prior appropriator, had a right to the use of all the water necessary for the irrigation of his land, and that the second appropriator had only a right to the excess.—P. 72.

**3. Same—Establishment of Rights—Pleading and Proof.**

In an action to restrain another from interfering with plaintiff's use of the waters of a stream, based upon an absolute prior appropriation by plaintiff, evidence is inadmissible to show that the defendant's grantee had relinquished her prior right to plaintiff, there being no averment of abandonment or relinquishment in the pleadings.—P. 74.

*Error to the District Court of Eagle County.*
*Hon. Frank W. Owers, Judge.*

Action by Hele A. Beck against Martha Wellington and William Wellington, to restrain them from interfering with her use of the waters of a creek. From a judgment for plaintiff, defendants bring error.          *Reversed.*

Mr. JAMES DILTS and Mr. A. J. STERLING, for plaintiffs in error.

Mr. EDWARD T. TAYLOR and Mr. CHARLES W. TAYLOR, for defendant in error.

Mr. JUSTICE GODDARD delivered the opinion of the court:

1. Our attention is called to several defects in the transcript of the record, the most serious of which is the omission from the transcript of the final judgment and the injunction complained of. The final judgment and decree is set out *in haec verba* in the bill of exceptions, instead of in the record proper, where it should appear. This defect could have been cured by filing an amended transcript, certified by the clerk of the district court; and since counsel for plaintiff do not press these objections, but, as they announce, prefer to discuss the case and have it decided upon the merits rather than upon technicalities, we will omit further notice of these objections and determine the case upon the facts pertinent to the issues made in the pleadings.

2. In *Wellington v. Beck,* 30 Colo. 409, this court decided that the court below erred in sustaining a demurrer to the answer and defense of the plaintiffs in error (defendants below), and hereafter called defendants, and reversed the judgment and remanded the cause, with directions to overrule the demurrer. On June 1, 1903, the defendant in error (plaintiff below), hereinafter called plaintiff, filed a replication to the answer and further defense, wherein she denied each and every averment therein contained, "except the allegation as to the flow of water in said Berry creek, which plaintiff admits is small, and not sufficient for the irrigation of the lands lying adjacent thereto and capable of being irrigated therefrom."

The only issue, therefore, presented by the pleadings as they now stand is, whether the evidence

introduced upon the trial in the court below sustains the allegations of the answer and defense which the court, on the former review, held were sufficient to entitle plaintiffs in error to an appropriation of the waters of Berry creek prior to the appropriation claimed by defendant in error from the same source.

Upon this issue there is no conflict in the testimony. It is undisputed that, as early as 1890, Oscar Dutton, the father and grantor of plaintiff in error, Martha Wellington, diverted and applied to the irrigation of lands adjacent thereto all the water flowing in Berry creek, and continued to use all of the water so diverted for the irrigation of his land until January 1, 1891, when he conveyed the land upon which the water had been applied to the defendant, Martha Wellington, who has used the water so appropriated ever since.

The plaintiff testified: "I moved out on this land in 1892. * * * The Dutton ditch was taking water out of Berry creek before I moved on the land, and the water from Berry creek was taken out through the Dutton ditch. That water was then used to irrigate what was then called the Dutton farm, now the Wellington farm. It was taken out on the east side of the creek. The Hawley ditch is taken out from Berry creek, and the Dutton ditch is taken out a little below it on the other side—on the east side of Berry creek. The water becomes low in Berry creek in the months, June, July, and after that."

It further appears, as admitted in the replication, that the flow of water in Berry creek is small, and not sufficient for the irrigation of the land of defendants, adjacent thereto and capable of being watered therefrom.

The attempted appropriation of May 10, 1893, claimed by defendant in error, was subject to the

prior appropriation of defendants, and in the circumstances could be availed of only when the water flowing in Berry creek was in excess of the amount necessary to properly irrigate the land of defendants.

The right to relief in the present case is not asked because of the interference by defendants with the right to use such excess water, but is predicated entirely upon the theory that, by virtue of the attempted appropriation of May 10, A. D. 1893, the plaintiff is entitled to the unquestioned use of one and one-half cubic feet of water per second of time at all times. The court below accepted this theory, as evidenced by the following finding:

"That the use of said ditch (Dutton ditch) from May, 1893, to the close of the irrigation season of 1897, was subject to the said rights of the plaintiff. * * * And that the said defendants, at the time of and prior to the bringing of this suit, * * * did not own an appropriation on Berry creek prior or superior to, or in any manner adverse to the said appropriation of the plaintiff herein." And adjudged and decreed:

"That the said plaintiff is the sole owner of said Hawley ditch, and the water-right thereunto belonging, being an appropriation from Berry creek initiated on the 10th day of May, A. D. 1893, for the irrigation of about three and one-half acres of land in actual cultivation thereunder, belonging to said plaintiff, *and that the said water-right is prior to and superior to any water-right which said defendants now own or have any right to,* from the said Berry creek; and that said plaintiff is entitled to the sole, exclusive and peaceable use of said Hawley ditch and of the waters of said Berry creek, for the irrigation of her said land thereunder, to such amount of water as is reasonably necessary for that

purpose." And thereupon made the temporary injunction theretofore issued permanent and perpetual, enjoining the defendants from in any manner interfering with the plaintiff in the use of the Hawley ditch "and the said water-right from said Berry creek for the irrigation of her said lands lying thereunder."

This finding and judgment of the court finds no support in the evidence introduced upon the trial of the cause, and is manifestly against the law applicable to the undisputed testimony in the case.

3. Over objection of counsel for defendants, the court permitted testimony to be introduced of a conversation between Mr. Dutton and Mr. Hawley at the time the Hawley ditch was built, to the effect that he—Dutton—told Hawley to build the ditch; that he did not need the water from Berry creek; and that he—Hawley—might use the water; and the court finds that, by virtue of such statement, the "plaintiff was permitted to appropriate and acquire the prior and exclusive right to the said waters of Berry creek, sufficient for the irrigation of her said irrigated land thereunder."

This evidence was clearly inadmissible under the pleadings. There is no averment that defendants or their grantor, at the time the Hawley ditch was constructed, or at any other time, abandoned or relinquished their right to the full use of their appropriation, or to any part of it; but, on the other hand, plaintiff, in her complaint, bases her right to the use of one and one-half cubic feet of water at all times, by virtue of an actual appropriation thereof made in conformity with the requirements of the statute on May 10, 1893.

As we have seen, the judgment of the court below was predicated largely upon this incompetent testimony, and does not correctly announce the law

applicable to the issues made by the pleadings and the competent evidence in the case.

For the foregoing reasons, the judgment is reversed.                          .    .       *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.