King, J.,
delivered the opinion of the court.
Motion was made by appellee to strike the bill of exceptions from the record for the reason that the alleged bill has not been settled, signed or sealed by the judge of the trial court. Appellant interposed a motion for leave to withdraw the bill of exceptions for the purpose of presenting the same to the trial judge for signature and seal, supported by affidavit of appellant alleging that the bill of exceptions was duly prepared and presented to the trial judge within the time prescribed by rule of court; that the omission to sign and seal the same was an inadvertance or oversight on the part of the judge, and had not been noticed by appellant or his attorney; that said bill “was duly filed with the clerk of the district court, and was by said clerk duly certified with the transcript and filed in the supreme court.”
The record shows that on the 10th day of March, 1911, said defendant was given thirty days in which to prepare and file an appeal bond in the sum of $1,-000, and was given sixty days in which to file a bill of exceptions. The purported bill of exceptions, as lodged in the supreme court, bears the following endorsements: “Tendered to me by counsel for the defendants on this 2nd day’ of May, A. D. 1911, H. P. Burke, Judge.” “Approved August 1, 1911, Taylor & Pendell, attorneys for plaintiff.” The bill is not signed or sealed by the judge. The record *379 fails to show that the same was filed in the office of the clerk of the district court; nor is it certified by said clerk as a part of the record or the bill of exceptions in said cause. From the fact that the proposed bill of exceptions was not approved by the attorneys for appellee until August 1st, 1911, as shown by the foreg’oing endorsement, it appears that the signing and settling of the bill of exceptions was reserved by the judge because the same had not been approved by said attorneys, and that the bill, after being presented, was withdrawn for the purpose of securing endorsement of said approval, and was so held by the appellant for a period of three months; and it is not shown that it was thereafter tendered to the judge for signature. Therefore, from the present showing, the omission of the signature and seal cannot be charged as an oversight of the trial judge.
If the record disclosed that the bill of exceptions, as so prepared and tendered, had been filed with the clerk of the trial court so as to become a part of the record, and had been by him certified as a part thereof, before being filed in the supreme court, the motion of appellant for leave to withdraw the bill for the purpose of presenting the same to the trial court for amendment, might, and probably should be granted. — Williams v. People, 25 Colo., 251. Chicago Lumber Co. v. Dillon, 13 Colo. App., 196. Swem v. Green, 9 Colo., 358. But appellant’s affidavit that said bill of exceptions was duly certified by the clerk, cannot supplement or usurp the office of the clerk’s certificate, which contains no reference tó the bill of exceptions.
From’ the foregoing statement it is manifest *380 that the alleged bill of exceptions never became a part of the record in the court below, and is not properly in the records of this court. Appellee’s motion to strike from the record that portion thereof denominated “defendant’s bill of exceptions,” is sustained, but without prejudice to appellant’s right to apply to the court below for such further orders or action, as he may be advised. Appellant will be permitted to withdraw the transcript of the record for ten days, and is given thirty days in which to apply to this court for permission to file supplementary transcript. Appellee’s further motion for an affirmance of the judgment of the district court, is, for the present, denied.