[No. 3722.]

### COOK'S ESTATE ET AL. *v.* FIEDLER ET AL.

1. APPEALS—*Motion to Strike Bill of Exceptions—Time.* The transcript of the record, and the bill of exceptions, were filed here January 9, A. D. 1911; the abstract of the record, March 18th, A. D. 1911, and appellant's brief, April 5, A. D. 1911. July 22, A. D. 1913, appellee filed a motion to strike out the bill of exceptions because never filed in the office of the clerk of the lower court. Doubted if the motion was in apt time.

2. —— *Leave to Withdraw the Bill of Exceptions,* so as to enable appellant to procure the clerk's certificate to the filing thereof in the court below, granted; and *held,* there being no dispute as to the authenticity of the document, no memorandum in the court *a quo,* is necessary to entitle the appellant to supply the omission.

*Appeal from Summit District Court.* HON. CHARLES C. CAVENDER, Judge.

Mr. JOSEPH N. BAXTER, for appellants.

Messrs. JAMES T. HOGAN and QUENTIN D. BONNER, for appellees.

MORGAN, J.

Appellees move to strike the bill of exceptions because it was never filed in the lower court and contains

no certificate of the clerk identifying it, although it was tendered in due time, bears the seal and signature of the judge, there is no contention as to its being the original bill, and two years and six months have passed since it was filed in this court along with the duly certified transcript of the clerk's record.

The bill of exceptions was tendered November 25, the clerk certified to the record, proper, December 13, and the bill was signed and sealed by the judge, December 25, 1910. The transcript and the bill were filed here January 9, abstract of the record March 18, and appellants' brief April 5, 1911. No appearance by appellee until this motion was filed July 22, 1913.

It is doubtful if this motion is in apt time.—*Merriner v. Jeppson,* 19 Colo. App., 218, 74 Pac., 341; *Board of County Comrs. v. Tully,* 17 Colo. App., 113, 67 Pac., 346; *Reynolds v. Campling,* 21 Colo., 86, 39 Pac., 1092; *Pacific Life Ins. Co. v. Van Fleet,* 47 Colo., 401-3, 107 Pac., 1087.

Appellants ask leave to withdraw the record, however, so as to supply the omissions of the clerk's filing stamp and certificate as to the bill of exceptions, and granting such leave makes it unnecessary to announce a positive rule as to the laches of the appellees. Appellees strenuously resist such request and have asked leave to file a copy of the register of actions and fee book of the lower court, and an affidavit of the clerk thereof, that the bill of exceptions was never in the hands of the clerk. Appellees may file the same with the clerk of this court, but leave is granted appellants to withdraw the record and supply the omissions, for the reason that no rule of law will be abrogated thereby and justice demands it. The carelessness of appellants in failing to have the clerk file, and certify to the identity of, the bill before filing it here is not condoned, but, as our courts have been liberal in permitting such amendments, where no injustice is done, it may be permitted here.

As far back as 1873, in the case of *Eldred v. Malloy,* 2 Colo., 20, 22, this question was before the court, and from the opinion by Wells, J., we learn that, although a bill of exceptions must be tendered to the judge within the term, or within such time as the court may allow thereafter, yet if signed and sealed within the time limited, it may be filed at any subsequent day. And although it must appear by the record to have been actually filed at some day, nevertheless it may be withdrawn for amendment. The opinion states:

"But in the present case the file mark is wanting, and there is nothing to supply it, except the affidavit of counsel, which we cannot consider. If counsel for the plaintiff in error desire, the cause may stand over, in order that the record may, in this respect, be perfected."

"It will, we think, be sufficient if the probate judge shall certify that the bill of exceptions, which has been included in the record certified, was filed in his office, at any day prior thereto; it need not be certified that it was marked filed, but the certificate must specifically refer to the bill of exceptions now in the record before us; or counsel may, if preferred, cause the bill of exceptions to be hereafter filed in the probate court, and procure a further transcript of the record, containing the bill of exceptions at large, prefaced by the clerk's recitation as to when it was filed. For this purpose five days will be allowed."

Cases cited by appellees sustaining a motion to strike the bill of exceptions, where no request was made to amend, or where such amendment would necessarily allow new matter to be inserted in the bill, in the nature of a new bill, after the time allowed for tendering in the lower court, are not controlling. Such as *Pettit v. The People,* 24 Colo., 517, 52 Pac., 676; *Fick v. Crook,* 27 Colo., 429, 62 Pac., 196, 832.

In the following cases permission has been granted

to amend on grounds that do not appeal to us as forcibly as those here presented: *Pleyte v. Pleyte,* 15 Colo., 44, 24 Pac., 579; *Patrick et al. v. Weston,* 21 Colo., 73, 74, 39 Pac., 1083; *McKenzie v. Murphy,* 29 Colo., 485, 7, 68 Pac., 838; *Wellington et al. v. Beck,* 43 Colo., 70, 71, 95 Pac., 297.

In the case of *Jewel v. Sais,* 22 Colo. App., 377, 123 Pac., 830, this court struck the bill of exceptions from the files, but "without prejudice to appellant's right to apply to the lower court for such further orders or action as he may be advised." In that case the bill had not been signed, sealed, nor settled by the judge of the lower court, nor had it been filed therein, nor certified to, by the clerk thereof.

From that case and the foregoing, it may be said that two things are necessary duly to make a bill of exceptions a part of the record, (1) a timely tender to, and the signature and seal of, the judge; (2) the filing with and the certificate of the clerk; and that if either of these requirements fully appear from the record lodged here, and no injustice be done by allowing an amendment, the bill may be withdrawn for such purpose, and the motion to strike denied.

Appellees contend that this amendment cannot be permitted because there is "no memorial, memorandum, entry or writing of any kind on which to base the correction." In this instance none is required. A mere failure to file and certify to a bill of exceptions that has been duly presented, tendered, signed, sealed and settled by the lower court is not such an omission that cannot be supplied without a memorandum in the lower court, where it is not disputed that it is the original bill.

The motion is denied and permission granted to withdraw the bill of exceptions for a period of twenty days from notice hereof in which to apply to the clerk of the

lower court to file the same on any date within said time and to obtain the necessary certificate of the clerk to be attached thereto, and in which to return the same to this court.