Bissell, J.,
delivered the opinion of the court.
The town of Gunnison instituted a proceeding under the eminent domain act to obtain a right of way through the property of the plaintiffs in error for the construction of a ditch for the carriage of water for the uses of the town. The petition was filed in the county court. Some of the defendants answered. The company took issue on the petition. It also set up two affirmative defenses. One was based on the allegations that the town had failed to demand the right to construct the ditch and offer to agree upon a compensation, that there was another irrigating ditch run *432 ning across and through the premises which could be made available for the purposes of a water supply, and that the land sought to be condemned lay entirely outside of the limits of the municipality. The other affirmative plea set up that there was an irrigating ditch which had been used to supply the town with water, and that it was ample for the purpose. The petitioners demurred to these defenses. This statement is broad enough when taken with the discussion of the various assignments of error to enable the questions decided to be understood.
The jurisdiction of municipal authorities is usually limited to the territory occupied by the corporation. For this reason proceedings in condemnation cannot ordinarily be instituted as to property outside the corporate limits. The sufficiency of the second defense which pleaded the locus of the property in bar of the proceedings manifestly rests on the applicability of this principle. It cannot control this action. The power of the legislature to narrow or broaden municipal jurisdiction, save as controlled by constitutional restrictions, is practically unlimited. The right to condemn private property for these public uses, under proper constitutional safeguards, has apparently been granted by the statutes on towns and cities. If the acts bear the interpretation contended for by the petitioners this defense was unavailing. To correctly interpret the statutes and determine their significance, the purpose must not be lost sight of. To furnish organized communities with an abundant supply of pure and wholesome water is one of the duties imposed on the municipality, and comes clearly within the purview of what is often termed a public use. The right of the legislature to empower towns and cities to exercise the right of eminent domain to secure such results has never been questioned, and wherever the power is conferred, the corporate body is the best judge of the means to accomplish the end. Dillon on Municipal Corporations, 3d ed., §§ 146, 597, et seq.
In interpreting the law the intention of the legislature must be carefully considered, and such a construction put *433 upon the act as may be warranted by its terms, and which will not, unless rendered necessary by the phraseology, be necessarily productive of practical inconvenience to the community. “ Statutes tending to effect an object of great public utility, ought to receive the most- liberal and benign interpretation, in accordance with the maxim ut res magis valeat quarn per eat.” Bearing v. Erdman, Hazzard’s Penn. Register.
“ The court in such case, will look into the object of passing the law, and if it can be discovered in its provisions, will not suffer it to be defeated. ” Russell v. Wheeler, Hemp. R. 3 ; Potter’s Dwarris on Statutes, p. 203.
The act concerning towns and cities undertook to confer power on municipalities to construct water ways within or without their limits. This power is granted by section 3312 of this act. Without attempting to quote the section, it is enough to state generally that its provisions are ample to confer authority on the municipal authorities to construct waterworks either within, or without, the corporate limits ; to protect the streams from which the water is taken within a certain named distance from their borders, and in general to do whatever may be necessary to erect and protect their system. It necessarily follows, according to the case made by the record, that the corporate authorities were fully authorized, when once they determined on their source of supply within the limits of their power, to proceed under the eminent domain act to condemn the land necessary for the ditch to convey it.
In instructing the jury, the court assumed that the power to determine whether the construction of the works was justified by the necessities of the municipality was wholly within the province of the authorities, and that it was a matter with which the jury had nothing to do. In this the court did not err. According to the provisions of the eminent domain act this question of necessity is not for the jury. The act enumerates what the jury shall state in their verdict. There is nothing in this specification nor elsewhere in *434 the act which requires them to pass on this question of necessity. But Were it otherwise, in the matter of a public use like the present, the question could not be left to their determination, since the general statute (subdivision 74 of section 3312) distinctly grants to the corporation the power of final determination. The question being left by the act to the decision of the municipal authorities, it must be held that it is not a proper matter for the consideration of the jury.
The assignments of error which concern the instructions that were asked and refused are not well laid. The instructions are of doubtful propriety, and there is not enough of the case exhibited in the abstract to enable the court to determine whether in any event they ought to' have been given. Such is the condition of the case that if the instructions ought to have been given the error cannot be seen to have prejudiced the parties who complain of it.
Under the eminent domain act the issues presented by the pleadings in a condemnation suit may be tried either in term time or vacation. The mode of selecting the jury is totally different in the two cases. The present case was tried at a regular term of the county court, and the jury was taken from the regular panel, or from that panel as it was filled up by open venires issued for the purpose. The appellants complain that a “ struck ” jury was not drawn from the twenty-four names which it is the clerk’s duty to prepare as the jury basis when the cause is tried in vacation.
The phraseology of the section which directs the mode of procuring a jury to try the issue in vacation possibly furnishes a basis for the contention that this method is to be resorted to in all cases, but there is no clear and unambiguous limitation in that section. This construction would neither be in harmony with the plain meaning of the other provisions of the act, the evident differences in the modes of trial to be adopted in term time and vacation, nor the plainer language of the amendatory act of 1889. When such a cause is tried at a term of the court it must be before the jury drawn in the ordinary way to serve at the term, or *435 such as may be provided by the court in the exercise of its ordinary and statutory powers.
The appellants likewise complain that their challenge to a juror because he was an inhabitant of the town of Gunnison was not sustained. The statute disposes of this question. Section 9 of the domain act provides that the same right of challenge exists in these proceedings as in all other civil eases, and chapter 13 of the Code of 1887, expressly enacts that the interest of a juror as a member or a citizen of a municipal corporation shall not be made the subject of a challenge.
It is earnestly contended that section 1715 of the General Statutes requires that the party who seeks to obtain the right of way for the purposes of a ditch must make application for the right to the owner'of the land and be refused before he can institute proceedings in condemnation. Whatever may be the rule as to private individuals, or whatever might be the rule in the present case under other circumstances, the appellants are not in a position to insist upon that proposition here. The town offered to make the proof. The attorneys engaged in trying the case objected to the testimony. The appellants cannot be heard to complain that the testimony was not put in when it was excluded under the objection of the counsel. The case was on trial, and if the attorneys for a part of the defendants saw fit to leave the conduct and management of the case to those who were present representing other parties, they must be held bound by what was done by them. On coming in they failed to withdraw this objection as to their particular clients,-and permit the testimony to be offered. They are concluded.
The remaining question is the only one of much difficulty. The attorneys for the owners of the land asked to open and close the case, and when the right was denied them, saved the question by a proper objection and exception. The present case is not one which calls upon the court to express its opinion whether a denial of the right to open and close is a substantial error which will operate to reverse the judgment. *436 The authorities differ on this proposition. In condemnation proceedings it is legitimate for the court to permit the defendant to open and close, and where it is done the act will not he adjudged error according to the rule laid down in Colorado Central R. R. Co. v. Allen, 13 Colo. 229. In deciding this proposition the court did not directly say where the right to open and close lay. W e are therefore free to determine that according to the statute there seems to us to be a portion of the burden of proof laid on the one party, and a portion on the other, and while in our judgment the right to open and close ought probably to be given to the owners of the property, the refusal to accord them that right is not in these cases a substantial and prejudicial error sufficient to reverse the judgment.
These are all the questions which have been discussed by counsel, and which have been discovered in an examination of the record. They were rightly settled by the court below, and this judgment must therefore be affirmed.

Affirmed.