[No. 4528.]

SMITH v. MOCK.

1. **Appellate Practice—Exceptions.**

Where no exception was taken to the judgment of the trial court, or to the refusal of the court to grant relief from the judgment, it cannot be reviewed by the supreme court.

2. **Appellate Practice—New Trials—Nonsuit—Mistake of Law.**

The fact that the plaintiff in an ejectment suit against whom a judgment was rendered and the court rendering the judgment were of the opinion that plaintiff was entitled to a new trial as a matter of right, and that but for such erroneous opinions the court would have granted plaintiff's motion for nonsuit, does not authorize the supreme court to set aside the judgment where no error appears in the judgment.

3. **Judgments—Relief from After Expiration of Term.**

A motion for relief from a judgment under section 75 of the code, made after the close of the term at which the judgment was rendered, was properly overruled where it does not appear that the party seeking relief was unable to apply for it during the term.

*Error to the District Court of Pueblo County:*
*Hon. N. W. Dixon, Judge.*

Mr. J. E. RIZER and Mr. A. J. BEAUMONT, for plaintiff in error.

Mr. E. C. GLENN, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

On January 25, 1900, a verdict in favor of the defendant and against the plaintiff was returned and a judgment rendered thereon. No exception was taken to the judgment. January 29, following, a motion for a new trial was filed stating that plaintiff was surprised in a manner which ordinary prudence could not have guarded against; that material evidence had been discovered which could not by reasonable diligence have been discovered and produced at the trial; and further, that the evidence was insuffi-

cient to sustain the verdict. The motion was over-
ruled on July 12, 1900. The following 28th of July
the plaintiff filed his motion for relief under section
75 of the code, which provides that the court may,
"upon such terms as may be just, and upon payment
of costs, relieve a party or his legal representatives
from a judgment order or other proceeding taken
against him through mistake, inadvertence, surprise,
or excusable neglect." This motion the court over-
ruled. The case is brought here on error. The
plaintiff in error alleging that the court erred in
not granting the motion of plaintiff for voluntary
nonsuit; that the court erred in not granting the
motion of plaintiff for relief; that the court erred
in denying plaintiff's motion for a new trial; and
that the verdict and judgment thereon are contrary
to law and the evidence. The abstract fails to dis-
close that a motion for nonsuit was made or that
any exception was taken to the overruling of this
motion. Attached to the transcript is a statement
of the trial judge addressed to this court, which
states, in substance, that during the progress of
the trial a deed was offered in evidence by the plain-
tiff which was objected to and the objection sus-
tained; that the plaintiff thereupon proceeded with
other evidence and rested his case; that the defendant
thereupon moved to direct the jury to return a ver-
dict in favor of the defendant, which was argued and
submitted; that after the court had announced that
he must order the jury to return a verdict in favor
of the defendant the plaintiff asked to be permitted
to have a nonsuit entered. The judge further says:
"This the court refused to allow, for the reason that
the plaintiff, upon the payment of costs, would be
entitled to a second trial under the statute relating
to trials in ejectment. At the time this ruling was
made, court and counsel were all resting under the

impression that since this action had been instituted prior to the passage of the act repealing the statute relating to second trials in suits in ejectment, it would be protected by the saving clause of the repealing act. The plaintiff duly filed his motion for a new trial and paid the costs under the statute, and upon examination it was discovered that the action was not protected, and that he could not thereby obtain a second trial. If the attention of the court had been called to the condition of the statute, the plaintiff would have been permitted to take a nonsuit.'' He further says that ''the court felt obliged to deny the plaintiff's motion for relief for the reason that the authorities seem all to agree that under section 75 relief can be had only from judgments obtained by default, and that said section has no application to contested cases. If the court had been of the opinion that section 75 has application to contested cases, relief would have been granted under said section.''

We cannot grant the plaintiff relief. No exception was taken to the judgment of the court and no exception was taken to the refusal of the court to grant him relief from the judgment entered. There is nothing here for us to review. The plaintiff being present and having participated in the trial, should have preserved by bill exceptions which he desired to call to our attention. The fact that he and the court were of the opinion that he would be entitled to a second trial upon the payment of costs, and that the court would have allowed the plaintiff to take a nonsuit if he had known that the statute allowing two trials had been repealed, does not authorize us to set aside the judgment, because no error appears to have been committed. The court properly refused to grant relief from the judgment; if not for the reason assigned by him, for the reason

that the application to set the judgment aside was not filed in apt time. It appears from the record that the plaintiff made no effort to have the judgment set aside until about six months after the rendition of the judgment, and long after the term had expired. The code does not authorize the granting of relief after the expiration of the term except where it appears that the party aggrieved has been unable to apply for the relief sought during the term at which such judgment order or proceeding complained of was taken. There is nothing in the record before us which shows that the plaintiff was unable to apply for the relief sought during the January term of the district court. The plaintiff assigns in his motion for such relief, as a reason for not making the application during the January term of the court, that he relied upon the fact that he was entitled, as a matter of right, to a new trial after the payment of costs. This was not such a showing as the code contemplates.

The writ of error is dismissed.