[No. 6023.]

## KIRKWOOD v. SCHOOL DISTRICT No. 7, SUMMIT COUNTY.

1. **Appeals and Writs of Error — Questions Not Presented Below**—In a proceeding under the Eminent Domain act, the respondent, having·permitted the petitioner to present testimony touching matters not averred in the petition, and proceed to a final determination in the court of first instance without objection, will not be heard to object, upon appeal, to the insufficiency of the petition.—(369)

2. **Eminent Domain — Necessity for Taking** — Every school district being empowered by statute to take and hold such real estate as may be necessary for the site of the school house, the location and necessity of taking is committed exclusively to the school district authorities, and not open to question in condemnation proceedings.—(370)

3. **Change of Venue—Discretion**—The refusal of an·application for a change of venue on account of the prejudice of the judge will not be reviewed, unless an abuse of the discretion reposed in the court is manifest.—(371)

4. **Eminent Domain—Right to Open and Close** — It seems that where the only question before the jury is the damages which would be occasioned to the land owner, he is entitled to open and close; but to refuse it will not suffice to reverse the judgment, where, under the circumstances, no prejudice was occasioned to him.—(371)

5. **Bill of Exceptions—When Necessary**—Exceptions to a judgment must be preserved by bill. A note of the exception upon the journal is of no effect.—(371)

*Appeal from Summit County Court*—Hon. J. W. SWISHER, Judge.

Mr. H. C. CLAY, for appellants.

Mr. FRANK M. GODDARD, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee, as petitioner, instituted proceedings in the court below against appellant as respondent,

to condemn certain land of the latter for a school-house site.  From a judgment in favor of petitioner, and awarding damages to the respondent for the land taken, the latter brings the case here for review on appeal.

The first point urged by his counsel is, that the petition does not state facts from which it appears the petitioner was entitled to institute and maintain the proceedings in condemnation.  In support of this contention, it is stated that it does not appear, from the petition, to which class District No. 7 belongs, and that it is not alleged that the board of the district had been empowered by vote of the electors thereof to purchase a school lot, or that the electors of the district had selected as a school site the land sought to be condemned, as provided in subdivision 5, section 4015, and subdivision 3, section 4027, Mills' Stats.  It is, therefore, argued that the petition does not show that the necessary antecedent steps were taken in order to authorize the petitioner to exercise the power of eminent domain.  The respondent cannot urge this question.  Without objection, evidence was introduced on behalf of the petitioner by which it was established that the electors of the district, at a meeting held prior to the time when the condemnation proceedings were instituted, directed that the premises in question should be condemned as a school-house site.  Respondent did not attack the sufficiency of the petition in the trial court. An objection made for the first time on appeal is viewed with disfavor.  A party will not be permitted to allow a case to be prosecuted to judgment, and then, when defeated, bring it here on appeal, and for the first time, where evidence has been admitted without objection on an issue which it is claimed was not embraced in the pleading of his

adversary, attack it on the ground that it is insufficient with respect to such issue. A defeated party cannot thus silently reserve objections to a pleading and afterwards raise them for the first time on appeal. Having, in the manner we have indicated, once treated the pleading as sufficient with respect to facts on which evidence was introduced without objection, he cannot thereafter question it.—*Edward Malley Co. v. Londoner,* 41 Colo. 436; *Nix v. Miller,* 26 Colo. 203.

At the request of the respondent, commissioners were appointed for the purpose of ascertaining the necessity for taking the land sought to be condemned. Two of the commissioners reported that it was necessary; the third, that it was not. The majority report was approved by the court, and error is assigned on this action. Whether or not the report of a majority of the commissioners was sufficient, is not involved. School districts are empowered to take and hold so much real estate as may be necessary for the location and construction of a school house, and convenient use of the school, not in excess of one acre.—§ 4013, Mills' Stats. The question of the location of a school site and the necessity of taking land therefor not in excess of one acre, is vested entirely in the school authorities of a district, and the necessities of the district in this respect are not questions for a commission or jury to determine.—*Warner v. Town of Gunnison,* 2 Colo. App. 430.

After the approval of the report of the commissioners, respondent asked for a change of venue upon the ground that the judge of the court was prejudiced against him, and filed an affidavit in support thereof. The application was denied. An application for a change of venue on the ground of the prejudice of the presiding judge is within the

sound discretion of the trial court to grant or refuse, and unless there is a manifest abuse of such discretion, the action of the trial court in refusing such application does not constitute reversible error.— *Doll v. Stewart,* 30 Colo. 320. From the statements made in the affidavit filed in support of the application, it does not appear that the trial court abused this discretion.

Respondent. requested and was refused the right to open and close the case before the jury impaneled to assess the damages. Where the only question to be determined by the jury is the damages to be awarded the respondent, the right to open and close ought, probably, to be given to him; but the refusal to accord that right did not, in the circumstances of this case, prejudice him in the slightest degree; hence, he cannot successfully complain of the action of the court in refusing to allow him to open and close the case.—*Warner v. Town of Gunnison, supra.*

Other errors assigned have not been argued, and, for this reason, will not be noticed in detail.

The court directed that the costs of the proceeding be taxed to the petitioner. Upon this action, cross-error has been assigned by the school district. The damages awarded was the sum of $25.00, and the cross-error is based upon a recitation in the judgment to the effect that the $25.00 tendered respondent and kept good by payment into court, was awarded him. No exception was taken to the action of the court of which petitioner complains. True, the journal entry recites that an exception was taken, but that is not sufficient. Exceptions to a judgment must be preserved by bill. A journal entry will not suffice.—*Patrick v. Weston,* 21 Colo. 73; *Rutter v. Shumway,* 16 Colo. 95; *German Nat'l Bank v. Ellwood, ibid,* 244; *Board Co. Commrs. v. Skinner et*

*al.*, 8 Col. App. 272; *Cochrane v. Justice M. Co.*, 4 Col. App. 234.

The judgment of the county court is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HILL concur.