[No. ﹀

THE HINSDALE ELECTRIC Cᴏ ANY ET AL. v. OGLE.

1. **Parties—Dismissal By One Plaintiff, Effect**—A corporation united with the equitable owner of certain shares of the corporate capital in an action against other shareholders, alleging that the defendants had unlawfully caused treasury stock to be issued, and, controlling this, with the stock equitably belonging to the individual plaintiff, they had acquired a majority of all the stock, and were conspiring to disrupt the organization, and acquire its properties. The complaint prayed an injunction. The corporation afterwards withdrew from the litigation. Held, that the individual defendant, inasmuch as the shares to which he laid claim were necessary to a majority, and that, controlling these, he would have a majority of all the shares outstanding, was entitled to proceed with the action; and that to dismiss the bill as to him was error.—(456)

2. **Pleading—Prayer for General Relief**—In a complaint by one claiming to be equitably entitled to certain shares in a corporation, of which defendants, having obtained title thereto from plaintiff, are making an improper use, and conspiring with others to wreck the corporation, a prayer for general relief is sufficient to entitle plaintiff to a decree for the assignment of the stock.—(457)

3. **Judgment—What Amounts to—Declarations of Judge**— The statement of the judge of a court in deciding a motion as to what has been decided in the same or a different case, is not res judicata.—(458)

4. **Appeals—Questions Considered**—The action of the district court in discontinuing an equity cause as to one of two plaintiffs will not be reviewed on appeal, where he made no objection at the time and presented no bill of exceptions.—(458)

*Appeal from Hinsdale District Court* — Hon. THERON STEVENS, Judge.

Mr. JOHN R. SMITH, for appellant.

Messrs. HARTMAN & BALBREICH, Messrs. BROWN & NOURSE, for appellees.

Mr. JUSTICE HILL delivered the opinion of the court:

This action was originally instituted by The Hinsdale Electric Light and Power Company and R. E. Peniston against the appellees, for the purpose of having surrendered and canceled four hundred shares of the capital stock of the plaintiff power company (a corporation), alleged to be treasury stock, and to have been issued illegally and surreptitiously by appellees to one Johnson, and by him transferred to appellee Ogle, without giving any value therefor, and with notice, etc.; and also to enjoin appellees from voting it, as well as from voting or exercising ownership over two other shares of the capital stock of the power company, alleged to be owned by appellant Peniston, and by him caused to be issued, one share each to two other parties

under certain agreements whereby they were to act as directors of said power company, under which agreement the real title and control of this stock would remain in him and be retransferred to him when they ceased to act as such directors, which parties, it is alleged, through conspiracies with appellees, etc., pretended to transfer the same to the appellee Green, which two shares, it is alleged, with other stock owned by him, gave the appellant Peniston a majority of the total stock of the power company legally issued, hence control of the corporation; that the appellees, Meyer, Green and Ogle, had entered into a conspiracy to wreck the power company by the use of said stock, and so threatened to disrupt its organization and to acquire its property, claimed the appellees were insolvent, and prayed they be enjoined from voting the four hundred two shares at a stockholders' meeting to be held, for general relief, etc. The appellees, by their answer, denied the wrongful issuance of the four hundred shares to Johnson; allege its validity and regularity of the proceedings, including the transfer to Ogle; allege a *bona fide* sale of the two shares to the other parties for value, and their lawful sale and transfer to appellee Green.

Replication by plaintiffs denied the new matters in the answer. Thereafter, the plaintiff, The Hinsdale Electric Light and Power Company, filed its motion in writing, praying the action be dismissed against the defendants, upon which the court caused an order to be entered dismissing the action as to the plaintiff, the power company, at its cost. At the hearing upon this motion, January 26, 1904, the plaintiff, Peniston, was present by counsel, who participated in the argument; but the record is silent as to his position thereon. No objections or exceptions appear to have been made or taken by him to

.the granting of this motion and the entering of the order of dismissal.

Upon the following day, the cause again came on for consideration, at which time counsel for appellant, Peniston, demanded a trial of the cause; counsel for the appellees then suggested to the court that, as the plaintiff, the power company, had dismissed the action as to it, there was no issue presented by the pleadings to be tried, and the action should be dismissed; to which the court stated:

"The court will hold that there is no issue to try in which the plaintiff, Peniston, is separately interested, and the judgment of the court will be that this cause be dismissed. The court has decided the validity of that stock in the case that we have just been discussing."

Upon which, final judgment of dismissal was entered. Appellant Peniston appeals and has assigned two errors for our consideration, the first being the dismissal of said cause as to the appellant Peniston, which we think is well taken. The complaint, when stripped of the allegations as to the interest of the power company regarding its four hundred shares, the conspiracy, wreckage, etc., still leaves the statements that appellees, or some of them, have and are attempting to vote, control and use, in bankrupting the company, two shares of its capital stock belonging to the appellant, and that this stock, with the other owned by him, would give appellant Peniston a majority of the total. These allegations were denied by the answer making a direct issue as to the title of the two shares between the appellant, Peniston, and some one or more of the appellees, also the question of the right to vote and control them, the result of which meant the control of the corporation; and the prayer for general relief, if the allegations in the complaint were sustained, would entitle

him to the control, the right to vote and an assignment of this stock, the pleadings thus showing that appellant Peniston did have a separate interest from the power company in the ownership, voting and control of these two shares. We are not advised by the record as to the meaning of the language by the lower court where it states: "The court has decided the validity of that stock in the case that we have just been discussing." It might have been the four hundred shares or the two shares, or both, for aught we know, as the record, other than by this statement, is silent as to any other case, or what stock, and if the statement by the court had so advised, it could not be controlling, as we are not at liberty to assume that the rights of the parties here as to this stock were *res judicata,* without proper pleadings and proof.

The second assignment of error "in dismissing said cause as to the appellant, The Hinsdale Electric Light and Power Company," will not be considered, for the reason that no objection appears to have been made or exceptions taken upon such ruling; and, while it is true that section 387 of the Code dispenses with the necessity of taking exceptions to the ruling of the court upon certain written motions, it does not, in some instances, do away with the reason or necessity for making objections at the proper time in some appropriate way, for, as stated by Mr. Justice Elliott in the case of *D. & R. G. R. R. Co. v. Ryan,* 17 Colo., page 104:

" * * * that if counsel neglect to object or to point out errors occurring at the trial in such time and manner as will give opportunity for their correction, they will not, in general, be heard to complain of such errors in a court of review."

Being unable to ascertain from the record the position of counsel for appellant at the time this

order was made, and no objection appearing to have been made at that time, we cannot be expected to pass upon it here.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.