[No. 6367.]

OTT v. BRAUN.

**Exception to Judgment—Necessity For—**A judgment of the district court dismissing an appeal from the county court will not be reviewed, unless an exception thereto was reserved at the time, and manifested by a bill of exceptions.—(418)

A mere recitation of the exception upon the record of the judgment, is without effect.—(418)

*Error to Denver District Court—*Hon. CARLTON M. BLISS, Judge.

Mr. JOHN HIPP, for appellant.

Mr. EMERSON J. SHORT, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

By this proceeding plaintiff in error seeks to have reviewed a judgment of the district court dis-

(27)

missing an appeal which she had taken from the county court. No exception was taken to this judgment.

Generally speaking, judgments and orders are not reviewable in this court unless exceptions thereto were duly taken and preserved.—*Smith v. Mock*, 33 Colo. 154; *Marean v. Stanley*, 21 Colo. 43; *Hinsdale El. Co. v. Ogle*, 45 Colo. 454.

The case at bar falls within this rule.—*In re Estate of Smiley*, 4 Col. App. 582.

The abstract of record recites that an exception was taken to the judgment dismissing the appeal. This statement immediately follows the record entry by the clerk of the judgment of which the plaintiff in error complains. We do not believe the transcript justifies the statement that such an exception was taken; but, waiving this, there is no bill of exceptions. The transcript only purports, as certified by the clerk of the district court, to be a true, complete and perfect transcript of certain pleadings, motions, etc., and orders directed by the court below. It is the established practice in this jurisdiction, that exceptions must be preserved and authenticated by bill of exceptions allowed, signed and sealed by the judge. A journal entry by the clerk will not suffice. —*Patrick v. Weston*, 21 Colo. 73; *Rutter v. Shumway*, 16 Colo. 95; *Burnall v. Wachtel*, 4 Col. App. 556; *Kirkwood v. School District*, 45 Colo. 368.

In as much as there is no question presented by the record which we can consider or determine, the writ of error must be dismissed, and it is so ordered.

*Dismissed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HILL concur.