## No. 11,919.

FREEMAN, ET AL. *v.* FRASHER, ADMINISTRATRIX.

Decided May 21, 1928.  Rehearing denied June 11, 1928.

Messrs. SMITH & BROCK, Mr. ELMER L. BROCK, for plaintiffs in error.

68

Mr. REES D. REES, Mr. C. E. WAMPLER, Mr. J. J. LATON, for defendant in error.

*En banc.*

MR. CHIEF JUSTICE DENISON delivered the opinion of the court.

THE defendant in error brought suit against plaintiffs in error under the interstate commerce act and had a verdict and judgment for $7,500 for negligence which caused the death of her husband. The case comes here on error and the defendants make the following points for reversal: (1) The deceased was not engaged in inter-state commerce when killed; (2) there is no proof of defendants' negligence; (3) the defendants' negligence, if any, was not the proximate cause of the accident; (4) the verdict must be presumed to be excessive because contributory negligence was unquestionable; (5) the particular allegations of negligence were not proved; (6) instruction No. 4, requested by defendants should have been given.

The essential facts are as follows: Frasher, the deceased, was the engineer of a steam crane and engine for hoisting heavy things and loading them onto cars and like work. His duty required him to occupy the cab of the crane from whence he operated it. An iron pipe conducted the steam from the boiler through the cab to the engine. At Leyden Junction on the defendants' road in a pump house they operated a pump to raise water for their locomotives. This pump was so worn that it had to be removed and another installed. It had been laid on the defendants' right of way, about ten feet from the track and had remained there about three months. The crane was fixed on a flat car and was operated from thence. On the day of the accident it was attached to a train and hauled to Leyden Junction to take up the pump in order to repair or otherwise dispose of it and to get it off the

right of way. During this operation a joint in said iron pipe parted and filled the cab with steam and Frasher was found toward the rear of the cab, caught in the machinery, hurt and burned so badly that he died. The plaintiff's theory is that he rushed back to shut off the steam and was caught because it blinded him. The defendants claim that he ought to have stepped out of the car to safety, which he might have done.

1. Was Frasher engaged in interstate commerce? We think he was. He was engaged in clearing the right of way from matter which did not belong there. This is ordinary work incident to the maintenance of the right of way which is an essential factor in the operation of defendants' interstate business, "so closely related to it as to be practically a part of it"; *Industrial Accident Com. v. Davis,* 259 U. S. 182, 185, 42 Sup. Ct. 489; *C., B. & Q. Co. v. Harrington,* 241 U. S. 177, 36 Sup. Ct. 517; *Pederson v. D. L. & W. Co.,* 229 U. S. 146, 33 Sup. Ct. 648, and other cases. We think it not materially different from the removal of fallen rocks and trees, which, even though they do not obstruct the track, yet in the exercise of prudent railroad operation are ordinarily removed from the right of way. *Kusturin v. C. & A. R. Co.,* 287 Ill. 306, 122 N. E. 512; *D. & R. G. Co. v. Davello,* 63 Colo. 71, 165 Pac. 254; *Clemence v. Hudson, etc. R. Co.,* 11 Fed. (2d) 913. In this last case the deceased met his death while cleaning rubbish out of a shaft connecting with a subway running under the North River between New York and Jersey City. The opinion says: "We do not suppose it will be argued that, had the decedent been employed in cleaning up the right of way itself he would not have been engaged in interstate commerce."

The Circuit Court of Appeals, then, agrees with us that cleaning the right of way is interstate commerce, defendants concede that cleaning the "road bed" is interstate commerce and many cases so hold, we can see no difference in principle between cleaning the right of way

and cleaning that part of it which constitutes the road bed, we know of no case that makes such distinction, and so, supported by the dictum above quoted, we say that the removal of the pump from the right of way of defendants was interstate commerce.

It is not essential that the removal be necessary to the safe transit of trains. *Kusturin v. C. & A. R. Co., supra.*

A majority of the court is of the opinion that the matter also comes within the interstate commerce act because the pump was removed from use in interstate commerce, and its removal was not yet complete, and so, just as the removal of disused rails from the right of way when new ones have been laid is held to be a part of the act of track repair and therefore interstate commerce (see the above cases), so the removal from the right of way of this worn pump used in interstate commerce, being a part of the act of replacing it with another to be so used, was interstate commerce.

2. As to proof of defendants' negligence, we cannot say, as a matter of law that it was not shown. The steam pipe was shown to have parted at a screw joint between a nipple and an elbow without scraping the screw threads and that that could not have happened if the joint had been securely fastened. The conclusion is reasonable, if not inevitable, that the joint was not securely fastened. It is shown that the pipe which included said joint had just been put together by the defendants, it was they, then, who fastened it insecurely, or at least that is a fair conclusion from the evidence. Again the evidence is that there is a standard test for boilers and pipes that is intended to reveal weaknesses of the sort in question, and that it was not given to this pipe. The jury may have believed this was negligent.

It follows from what we have said that it is not necessary here to invoke the doctrine of res ipsa loquitur.

3. Neither can we say as a matter of law that the defendants' negligence was not the proximate cause of the accident. The parting of the pipe joint filled the cab

of the crane with live steam, there was a sudden emergency which demanded instant action, and, in the line of duty Frasher must turn off the steam or do something; that his failure in the emergency to choose the safest way to reach the valve or to choose to step to safety without turning off the steam, was negligent, is not a conclusive presumption. It was for the jury, the court left it to them, and they have said he was not negligent. The negligence of the defendants, then, was the proximate cause.

4. The fourth. point is answered by the above. Contributory negligence was submitted to the jury, they found for plaintiff. There was no contributory negligence as a matter of law.

5. It is claimed that the negligence proved was not alleged, but the complaint alleges that the pipe joint was insecurely fastened which is the negligence proved.

6. The defendants insist that their instruction No. 4 should have been given, but this point was not raised by motion for new trial as required by rule 8.

The judgment is affirmed.