## No. 12,316.

Jennings, et al. *v.* Board of County Commissioners of Montrose County.

Decided April 22, 1929.

Mr. FRANK L. HAYS, for plaintiffs in error.

Mr. JOHN L. STIVERS, Mr. HERBERT L. STRANG, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

JOHN R. Jennings and Myrtle Jennings Allies seek the reversal of a judgment in condemnation.

1. It is contended that the court erred in failing to appoint a commisssion for the purpose of viewing the property to determine whether or not it was necessary to condemn the land for the purpose of a highway. We cannot sustain the contention.

(a) Section 1304, C. L., provides: "The board of county commissioners of any county may, and they are hereby authorized, to take and condemn, or cause to be condemned, the lands of private persons under and according to said eminent domain act in the first instance *without view* or other proceeding under this act."

The discretion of the board, acting within the scope of its authority, is conclusive, unless it clearly appears that its action was fraudulent or unreasonable. No allegation bringing the case within the exception is made in the

answer. *Lavelle v. Town of Julesburg,* 49 Colo. 290, 112 Pac. 774; *Kirkwood v. School District,* 45 Colo. 368, 101 Pac. 343. Indeed, during the trial, one of the attorneys who appeared for the plaintiffs in error at the trial conceded that the board's judgment in reference to the matter was correct.

(b) The request for a commission, when proper, must be made, and the question of necessity must be determined, before steps are taken to ascertain the compensation and damages. The plaintiffs in error, without making such request, stipulated for a jury trial, and participated in that trial, thereby waiving the right to have a commission appointed, if under the statute and their answer they had any such right. *Williams v. County Commissioners,* 48 Colo. 541, 546, 111 Pac. 71.

2. The court refused to give plaintiffs in error's requested instruction J, concerning damages. The refusal is assigned as error. The assignment is without merit. The instructions given by the court correctly state the law covered by the requested instruction. They directed the jury to consider all of the evidence bearing on the question; they therefore were broad enough to include the item of evidence to which the requested instruction specifically directed attention.

3. Several other assignments are argued by counsel for plaintiffs in error. As to each of them, it is sufficient to say that the question was not presented in the motion for a new trial that was filed by the plaintiffs in error; hence it will not be considered by this court. Supreme Court rule No. 8; *Freeman v. Frasher,* 84 Colo. 67, 268 Pac. 538.

The judgment is affirmed.