## MOORE v INDUSTRIAL COMMISSION

Ohio Appeals, 3rd Dist, Marion Co

. No 817.   Decided Oct 20, 1934

Mouser, Young, Mouser & Wiant, Marion, for plaintiff in error.

John W. Bricker, Columbus, and Russell M. Wilhelm, Marion, for defendant in error.

## OPINION

By GUERNSEY, J.

Whether the plaintiff was engaged in interstate commerce at the time of his injury, is to be determined by the following rules:

1. The test of employment in interstate commerce, which determines the application of the Federal Employers' Liability Act, is whether the employe at the time of the injury was engaged in interstate transportation, or in any work so closely related to it as to be practically a part of it.

2. The tracks, bridges, roadbed, and equipment of a carrier in actual use in interstate commerce have a definite interstate character as instruments of such commerce, and give such character to those employed on them.

3. Equipment withdrawn from interstate commerce for repair does not give an interstate character to the work of repairing

it, if the repair is a definite withdrawal from service and placement in new relations and not merely a temporary interruption of such service.

Industrial Accident Commission of State of California et v Payne, agent, etc., 259 U. S. .., 42 Supreme Court Reporter, page 489.

4. An employe is within the Federal Employers' Liability Act if the employment in which he is engaged at the time of his injury is an incident to interstate commerce, even though it may be likewise an incident to intrastate commerce.

Erie Railroad Co. v Winfield, 244 U. S. 170, 37 Sup. Ct. 556.

5. An employe engaged in clearing tracks on right of way of a railroad company to facilitate the movement of interstate commerce, is engaged in interstate commerce.

Freeman et v Frasher, Supreme Court of Colorado, May 21, 1928, 268 Pacific, 538.

Bamberger Electric R. R. Co. v Winslow, Circuit Court of Appeals, Tenth Circuit, Dec. 2, 1930, 45 Federal Reporter (2nd series), 499.

6. As the power of Congress is restricted to the regulation of interstate commerce, the question whether the Federal Employers' Liability Act which regulates the liability of carriers engaged in such commerce, is applicable, is a federal question, and the decisions of the Federal courts are controlling.

Kusturin v Chicago & A. R. Co., 287 Illinois, 306, 122 NE 512.

In the case at bar the engine upon which plaintiff was working when injured, remained in the same position it had been when the breakdown occurred, and while the breakdown required the withdrawal of the engine from service for repair, the withdrawal had not been accomplished and there was no placement in new relations, and consequently the engine which had been assigned to interstate commerce was not withdrawn therefrom at the time of plaintiff's injuries, within the rule laid down in Industrial Accident Commission of State of California v Payne, supra. Furthermore, the work done by plaintiff on the engine was primarily for the purpose of dismantling the engine so it could be removed from the make-up track which was used for the making up of trains engaged in both intrastate and interstate commerce and secondarily for the removal of the engine to the roundhouse for repairs. The work being done was necessary to facilitate both the movement of intrastate and interstate commerce, and comes within the rules mentioned in the cases of Erie Railroad Company v Winfield, Freeman v Frasher, Kusturin v Chicago & A. R. Co., and Bamberger Electric R. R. Co. v Winslow, supra. The plaintiff therefore was engaged in interstate commerce at the time of his injury.

It is contended, however, that as the plaintiff at the time of his injury was an employee of the Railway Service Company, an Ohio corporation which was not incorporated and organized as a common carrier, that he did not come within the definition of an employe engaged in intrastate and also interstate and foreign commerce for whom the rule of liability has been established by the Employers' Liability Act.

It was held in the case of Erie Railroad Co. v Margue, Circuit Court of Appeals, Sixth Circuit, January 6, 1928, that a contract by which railroad company employed a construction company, with its own employes, to maintain its tracks, roadway and structures, requiring the construction company to comply with the Workmen's Compensation Law, the cost to be paid by the railroad company, was ineffective to relieve the railroad company from operation of the Federal Employers' Liability Act with respect to injuries to workmen doing work, the duty of performing which rested upon it.

The contract between the Railway Service Company and the Erie Railroad Company in the case at bar, is similar in form to the contract involved in the case of Erie Railroad Company v Margue, supra, except that the contract in the case at bar relates to the repair and upkeep of rolling stock of the railroad company and the contract in the case of Erie Railroad Company v Margue relates to the maintenance of tracks, roadway and structures. The duty of a railroad company to keep its rolling stock in repair is just as mandatory as its duty to maintain its right of way, and following the reasoning in the opinion in the case of Erie Railroad Co. v Margue, the contract in the case at bar comes within the purview of §5 of the Employers' Liability Act and is void to the extent that its purpose or intent is to enable the common carrier to exempt itself from any liability created by the Federal Employers' Liability Act. Consequently the plaintiff was, within the meaning of the Federal Employers' Liability Act, as construed by the Circuit Court of Appeals in its decision in the case of Erie Railroad Co. v Margue, supra, which decision under the rule announced in the case of Kusturin v Chicago and A. R. Co., supra, is controlling upon the court, an employe of the carrier by rail (Erie R. R,

Co.) engaged in interstate commerce at the time of his injury.

The construction placed by the Federal Court on contracts similar to the one involved in the case at bar, is controlling on this court in construing the provisions of §1465-98 GC, and as under such construction the plaintiff comes within the classification of an employe engaged in intrastate and also in interstate and foreign commerce for whom a rule of liability has been established by the Congress of the United States, he is precluded from recovery under the Workmen's Compensation Act by reason of his failure to file a written acceptance and otherwise comply with the provisions of said section.

It is contended by the plaintiff, however, that this case comes within the decision of **Klar v Erie Railroad Co., 118 Oh St 612,** decided May 23, 1928, subsequent to the decision of Erie Railroad Co. v Margue which was decided January 6th of that year.

In the Klar case a contract similar to the one in' the case at bar, was involved but in that case which was an action for damages for personal injuries under the Federal Employers' Liability Act, the court held that the plaintiff was not engaged in interstate commerce at the time of his injury and consequently did not come within the purview of the Federal Employers' Liability Act. The decision of this question disposed of the case. However, in the opinion in the case it is indicated that the Youngstown Equipment Company which was under contract with the railroad company and which was the employer of the plaintiff at the time of the injury, was not a company "for whom a rule of liability or method of compensation has been or may be established by the Congress of the United States," because such Act applies only to common carriers by rail. From the opinion it appears that the decision in the case of Erie Railroad Co. v Margue was not called to the attention of the court or considered by it. This proposition is not covered by the syllabus which establishes the law of the case and as the opinion on this point was obiter and the Margue case was not considered, we do not feel that we are constrained to follow that opinion in the case at bar.

But leaving out of consideration the application of the decision in the Margue case, there are facts in the case at bar which constituted plaintiff an employe of the Erie Railroad Company at the time of his injury notwithstanding his general employment by Railway Service Company and which brings him within the protection of the Employers' Liability Act and consequently within the purview of §1465-98 GC.

Although the railroad company in its contract with the Railway Service Company did not reserve supervision over the employees of Railway Service Company, it did in the instant case, as shown by the undisputed evidence, exercise supervision over the plaintiff through its road foreman of engines, at the time of plaintiff's injury, and by reason of this fact he in law became a loaned employe to the railroad company.

In the case of Shepard v Jacobs, 204 Mass. 110, 112, 90 NE 392 and 393, 26 L.R.A. (N.S.) 442, it is said:

"In determining whether, in a particular act, he is a servant of his original master or the person to whom he has been furnished the general test is whether the act is done in business of which the person is in control as a proprietor, so that he can at any time stop it or continue it, and determine the way in which it shall be done, not merely in reference to the result to be reached, but in reference to the method of reaching the result"

In the case of Coughlan v Cambridge, 166 Mass. 268, 277, 44 NE 218 and 219, it is said:

"The test is whether, in the particular service which he is engaged to perform, he continues liable to the direction and control of his master or becomes subject to that of the party to whom he is lent or hired."

And the same rule is also set forth in the case of Pohlman v Excelsior E. & S. Co., 259 Pa. 393, 103 Atlantic 218, L.R.A. 1918 E, 118, in the following words:

"Where one person loans his servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as a servant of the man to whom he is lent, although he remains the general servant of the person who lent him. The test is whether, in the particular service which he is engaged to perform, he continues subject to the direction and control of his master, or becomes subject to that of the party to whom he is lent or hired."

This rule has been followed and applied in the following workmen's compensation cases:

Scribner's Case, Supreme Judicial Court of Massachusetts, May 28, 1918, 120 NE 350.

Tarr v Heckler Coal & Coke Co., Supreme

Court of Pennsylvania, January 5, 1920, 109 Atlantic, 224.

It has also been held and applied to fix the liability of carriers under the Federal Employers' Liability Act, in the cases of Linstead v Chesapeake & Ohio R. R. Co., Kentucky, 1928, 48 Supreme Court Reporter, 241; Central Georgia Railroad Co. v Garner, 1929, 122 Southern, 429.

The plaintiff being a loaned employe to the railroad company at the time of his injury, was not at the time of his injury an employe of Railway Service Company within the meaning of the Workmen's Compensation Act and consequently he is not entitled to recover under the provisions of said Act.

Holding these views, the judgment of the trial court will be affirmed.

KLINGER, J, concurs.
CROW, PJ, dissents.

### DISSENTING OPINION

By CROW, PJ.

That plaintiff was an employe of defendant, that he was injured while in the performance of his duties as such employe, pursuant to the written contract between the Erie Railroad Company and defendant and that such injury was compensable, was conclusively proved in the court below. It was also conclusively proved that defendant had paid the proper premium to the Industrial Commission, and it was also conclusively proved that defendant was not a common carrier, its activities, under the said written contract with the Erie Railroad Company which was a common carrier, going no farther than to repair rolling stock of said common carrier.

Whether plaintiff was at the time of his injury, working on an instrumentality of interstate or intrastate commerce, was of no consequence, because defendant, his employer, was not a common carrier. **118 Oh St 612.**

Consequently judgment in the trial court should have been for plaintiff, and the judgment here should be a reversal of that judgment.